IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHAEL G. PICKENS                                                    PETITIONER

VS.                            CASE NO. 5:15CV00030 BRW/HDY

WENDY KELLEY, Director of the
Arkansas Department of Correction                                     RESPONDENT

PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Billy Roy Wilson.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at

the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Michael G. Pickens, who is currently in the custody of the Arkansas Department of Correction (ADC). In 2001 Mr. Pickens was convicted of rape by a Hot Spring County jury, and sentenced to life imprisonment. He unsuccessfully appealed his conviction. *Pickens v. State*, 347 Ark. 904 (2002). On May 15, 2002, Mr. Pickens sought postconviction relief. By Order dated February 21, 2003, the trial court denied relief. The Arkansas Supreme Court affirmed the trial court in an opinion on November 3, 2005. On January 29, 2015, Mr. Pickens filed his habeas corpus petition with this Court. In his petition, he contends that *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) operates to excuse his failure to file a timely federal habeas corpus. Secondly, he contends that he received ineffective assistance of counsel.

The respondent contends that the statute of limitations bars consideration of these claims. Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State

>    action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

By Order of the Court dated February 25, 2015, Mr. Pickens was notified that he would be allowed to explain why the petition should not be dismissed due to failure to file a timely petition. Mr. Pickens has filed a responsive pleading (docket entry no. 17) as well as an amended and supplemental pleading[1] (docket entry no. 18).

Respondent contends that the one-year limitations period began on November 22, 2005, when Mr. Pickens' postconviction proceedings became final. Thus, respondent asserts that Mr. Pickens should have filed for habeas corpus relief on or before November 21, 2006. It is undisputed that the petition was filed more than eight years after November of 2006. We now consider if the tardy filing of the petition may be overlooked. The failure to file a timely petition can be excused under some circumstances:

>    Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002). Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted).*

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

Both in the petition for habeas corpus and in the responsive pleading filed on March 2, 2015,

---

[1] The amended and supplemental pleading (docket entry no. 18) does not address the issue of the limitations period. Instead, the focus of the pleading is the merits of one of Mr. Pickens' claims of ineffective assistance of counsel.

3

Mr. Pickens asserts that he is not barred from advancing his claims because of cases decided in the last few years. He argues that *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), are cases that should equitably toll the limitations period. The *Martinez* and *Trevino* cases, however, have no relevance in a discussion of the limitations period. Rather, any relevance of those cases would occur in the context of "cause" for a procedural default. *See Henderson v. Hobbs*, 2012 WL 4049222, Eastern District of Arkansas, August 29, 2012 ("The *Martinez* Court did not create, however, a new ground for equitable tolling of the statute of limitations."). In addition to being irrelevant to a limitations period discussion, these cases have in any event not been retroactively applied.

In summary, the petition for writ of habeas corpus was filed with this Court more than eight years after it should have been. The petitioner fails to plead or prove any reason why the limitations period should have been tolled. As a result, we recommend the petition be dismissed as untimely.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this 23 day of March, 2015.

_____
UNITED STATES MAGISTRATE JUDGE